THE MISSOURI PACIFIC RAILWAY COMPANY V. JACOB LYNCH.

CATTLE-GUARDS; *Fences; Breach of Contract.* When a railway company makes cattle-guards on its railroad where it enters and leaves improved or fenced land, and such cattle-guards are insufficient, and the company then enters into an agreement with the occupant of the premises that if he will take away his old fences near the cattle-guards and move them to another line near the railroad so as to inclose his premises at different points than where the land was inclosed when the first cattle-guards were built, the company would erect new cattle-guards at the places to which the fences were to be changed, and thereon the occupant removes his fences and the company does not comply with its promise, but neglects to erect cattle-guards at the places where the road enters and leaves the land as newly fenced, it is liable for all damages sustained thereby.

*Error from Franklin District Court.*

THE opinion states the facts. At the September Term, 1883, plaintiff *Lynch* recovered a judgment for $300 and costs against the defendant *Railway Company,* which brings it here for review.

*W. A. Johnson,* for plaintiff in error.

*H. C. Mechem,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced by Jacob Lynch against the Missouri Pacific railway company, before a justice of the peace of Franklin county. The bill of particulars alleged that the plaintiff, from March 1, 1881, to March 1, 1882, occupied and farmed the southwest quarter of section 33, township 18, range 21, in Franklin county, Kansas, over and upon which land the defendant during that period of time maintained and operated its railroad line; that during the spring and summer of 1881, the defendant neglected to erect and maintain a cattle-guard at the point on the east side of the premises where the defendant's track entered and left the plaintiff's improved land, and in conse-

quence of said neglect on the part of the defendant, the stock of others than the plaintiff entered upon the plaintiff's premises, and ate and destroyed his growing crops thereon, to his damage in the sum of $300.

The railway company filed its answer to the plaintiff's bill of particulars, denying all the allegations therein, and alleging that whatever loss the plaintiff had sustained was caused by the insufficiency of his fences; that the company put in good and sufficient cattle-guards at the point where its line of railroad entered and left the improved and fenced land of the plaintiff, but that the latter after he had planted his crop removed his fence from that point to another and left his field open in many places, and by his own negligence exposed his field to stock, and by his own carelessness his crops were destroyed.

The case was tried before a justice of the peace; the plaintiff recovered, and the company took an appeal to the district court. The case was tried in that court, and judgment rendered in favor of the plaintiff. The company excepted.

The objections made to the rulings of the trial court are not tenable. It is insisted on the part of the railway company that as, it put in cattle-guards where the road entered and left the land of the plaintiff, as it was originally fenced, it complied fully with the requirements of the statute. (Comp. Laws of 1879, ch. 84, §§ 37–39.) It is further insisted that as the company had once put in cattle-guards at the points designated by the statute, it was not required to take them up and follow to such other or different place as the plaintiff afterward removed his fence to. It appears from the evidence that after the cattle-guards were first built by the company, the plaintiff tore down his fence on the east side of his inclosed land, and removed it away from the cattle-guards as then constructed about forty rods.

In the first place, there was testimony before the trial court tending to show that the cattle-guards as erected were not sufficient or proper cattle-guards. Further than this, there was evidence tending to prove that before the plaintiff

tore down his fence on the east side of his inclosed land and removed the same to another point, he saw the road master of the railway company and made an agreement with him that the company would erect a cattle-guard at the place where the fence was to be rebuilt. This the company failed to do within a reasonable time. Therefore, the railway company was liable for all damages sustained by the plaintiff by its negligence in the premises.

The judgment of the district court must therefore, be affirmed.

All the Justices concurring.